IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | | |
| Plaintiff, | No. 2:12-cv-2649 KJM DAD PS | |
| vs. | | |
| SUZANNE BESAG, | FINDINGS AND RECOMMENDATIONS | |
| Defendant. | | |
| _____/ | | |

By Notice of Removal filed October 25, 2012, this unlawful detainer action was removed from the Solano County Superior Court by defendant Suzanne Besag, who has requested leave to proceed in forma pauperis and who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if

1 there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d
2 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party
3 invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.
4 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also
5 Provincial Gov't of Martinduque, 582 F.3d at 1087. Moreover, "the existence of federal
6 jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
7 those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d
8 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject
9 matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

10 　　　　In removing this action, defendant alleges in conclusory fashion that "this court
11 has original jurisdiction under the provisions of United States Code Title 28, Section 1441(b)."
12 (Notice of Removal (Doc. No. 1) at 2.) It is evident however from a reading of plaintiff's
13 complaint that this is nothing more than a garden-variety unlawful detainer action filed against
14 the former owner of real property located in California and that it is based wholly on California
15 law. As such, the complaint does not involve any "claim or right arising under the Constitution,
16 treaties or laws of the United States" that would have permitted plaintiff to file this action
17 originally in federal court. See 28 U.S.C. § 1441(b). Thus, defendant has failed to meet her
18 burden of establishing a basis for federal jurisdiction over this action.

19 　　　　Accordingly, IT IS RECOMMENDED that this action be summarily remanded to
20 the Solano County Superior Court and that this case be closed.

21 　　　　These findings and recommendations will be submitted to the United States
22 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
23 fourteen days after being served with these findings and recommendations, any party may file
24 written objections with the court and serve a copy on all parties. A document presenting
25 objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."
26 Any reply to objections shall be filed and served within seven days after service of the objections.

1  The parties are advised that failure to file objections within the specified time may waive the
2  right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: November 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

10  DAD:6
Ddad1\orders.pro se\FNMA-besag2649.f&r.remand.ud